UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 13-12302-DPW

|  |  |
|---|---|
| NEL SOTHY, <br>     Plaintiff <br><br> V. <br><br> THOMAS LAFFERTY, in his individual capacity and the CITY OF LOWELL, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT CITY OF LOWELL'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant, City of Lowell ("City"), hereby respectfully submits this Limited Opposition to the Plaintiff's Motion to Compel, pursuant to which the City prays that it be afforded a twenty-eight (28) day period to respond to the Plaintiff's requests for documents on a rolling basis, subject to the City's rights under the rules of discovery, the Court's endorsed Protective Order ("Order"), and the scope of municipal discovery permitted by this Court following the parties' March 24, 2014 Scheduling Conference.

In support of its Limited Opposition, the City states the following:

1. The City concedes that the Plaintiff in this 42 USC § 1983 action enjoys the right to discovery subject to the rules of discovery, the Order, and the scope allowed by this Court.

2. In this action, the Plaintiff makes serious allegations of intentional police misconduct relative to the handling of confidential informants, and he likewise alleges municipal liability relative to the City's informant policy dating back twenty-five (25) years, to 1989. This is accordingly a rather unique case that by its nature requires delving into extremely sensitive

discovery regarding, among other things, the targets of criminal investigations; the identities of confidential informants; and the identities of undercover police officers who handle informants.

4. Peoples' lives, and the City's ability to combat crime, depend upon ensuring the confidentiality of identities and records pertaining to the informants with whom the City works, and the undercover criminal investigations of which the informants are a part.

5. Indeed, these issues are of such a magnitude that individual City police officers, who have at times managed the Special Investigations Section, the vice squad that handles informants, have engaged separate legal counsel to represent their interests. The City's attorneys must therefore go through the separate counsel representing these officers when seeking information about those officers, which has magnified the complexity of the City's ability to respond to the Plaintiff's discovery requests.

6. Additionally, the complexity of the City's discovery response effort, which is ongoing, is compounded by the breadth and depth of the Plaintiff's document requests, which in many instances require manually cross referencing different types of records situated in different locations (for example, cross referencing different types of informant records, such as buy records and informant agreements, with arrest records), dating back many years, to glean discovery responsive to the Plaintiff's document requests.

7. The City's attorneys have kept the Plaintiff's counsel continually apprised of the City's efforts throughout this process through numerous candid telephone conferences, most of which were initiated by the City. Indeed, as recently as yesterday, the City initiated a telephone conference with opposing counsel to discuss both the Police Chief's personal engagement in the discovery process in this litigation – an uncommon pledge in the course of a § 1983 case – and a schedule for producing documents on a rolling basis that would culminate in a final production

date later this month in advance of June, 2014 depositions noticed by the Plaintiff, in an effort to resolve the Plaintiff's pending Motion to Compel. While the discussion was professional and cordial, the discussion nonetheless failed to resolve the parties' differences regarding the Motion.

8. Further, the City has been hampered by staffing shortages in its Law Department; however, an additional attorney has joined its staff today and she will be assigned to this case with the other attorneys working on this litigation. The City expects this hiring to aid the City's effort to respond to the Plaintiff's discovery responses.

9. Finally, the Plaintiff's reliance upon the passage of time since the start of this case cannot support the Plaintiff's Motion to Compel. The parties' Scheduling Conference convened before this Court only a little more than a month ago, on March 24, 2014, during which the Court denied without prejudice the City's then-pending motion to bifurcate the claim of individual liability from municipal liability and stay discovery of the municipal liability claim. Significantly, the Scheduling Conference, which also helped to define the scope of permissible municipal discovery, convened after the City moved, with the assent of the Plaintiff and the co-defendant, to convene the conference (that assented motion prompted the Plaintiff to withdraw its then pending motion to default the City following the City's submission of its bifurcation motion).

10. Further, fact discovery is not scheduled to conclude until February 27, 2015, nearly ten (10) months from this date, so the additional time sought by the City in this Limited Opposition will not hinder or prejudice any party to this case.

11. In sum, the City does not in any way object to or begrudge the Plaintiff's undoubted right to discovery in this case, subject to the rules of discovery, the Order, and the scope of discovery announced by this Court. The City seeks additional time in which to respond

to the Plaintiff's pending discovery requests – subject to the City's rights under the rules of discovery, the Order, and the scope of discovery set by this Court – given the inherent complexity and sensitivity of this case, and the breadth and depth of the Plaintiff's discovery requests.

12. In light of the foregoing, the City seeks some additional time – twenty-eight (28) days from the date of this Limited Opposition – in which to respond to the Plaintiff's document requests subject to the rules of discovery, the Order, and the scope of discovery set by this Court.

WHEREFORE, the City respectfully requests that this Honorable Court:

1. Deny the Plaintiff's Motion to Compel to the extent that the Plaintiff seeks production of responsive documents in seven (7) days and waiver of the City's rights and objections; and

2. Allow the City a twenty-eight (28) day period from today in which to respond to the Plaintiff's requests for documents on a rolling basis, culminating in a final production deadline on May 29, 2014, subject to the City's rights under the rules of discovery, the Order, and the scope of discovery set by the Court.

<tt>
</tt>

May 1, 2014                      CITY OF LOWELL, DEFENDANT

By Its Attorneys,

s/ Kenneth J. Rossetti
Christine P. O'Connor, City Solicitor
BBO #567645
Kenneth J. Rossetti, 1st Assistant City Solicitor
BBO #637135
Gina M. Atwood, Assistant City Solicitor
BBO #660861
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510
co'connor@lowellma.gov
krossetti@lowellma.gov
gatwood@lowellma.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on May 1, 2014.

/s Kenneth J. Rossetti

Kenneth J. Rossetti, 1st Assistant City Solicitor