UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:13-cv-12302-IT

NEL SOTHY
    Plaintiff,
v.

THOMAS LAFFERTY, in his individual capacity,
and THE CITY OF LOWELL,
    Defendants.

**THE DEFENDANT THOMAS LAFFERTY'S
CONCISE STATEMENT OF MATERIAL FACTS
OF RECORD AS TO WHICH THE
DEFENDANT CONTENDS THERE ARE NO
GENUINE ISSUES TO BE TRIED**

1. The plaintiff alleges that Lafferty knew that a confidential informant had planted evidence and that Lafferty fabricated the details of Mr. Sothy's arrest in a police report to prevent the plaintiff and others from learning how the drugs had been planted.  (Complaint, ¶ 1)

2. The Plaintiff alleges that on August 2, 2012 a confidential informant working with the defendant Lafferty or someone acting on the informant's behalf put a substance that included cocaine in the gas cap of the plaintiff's car.  (Complaint, ¶ 11)

3. The plaintiff was pulled over by police officers.  (Complaint, ¶ 15)

4. The vehicle was searched.  (Complaint, ¶ 17)

5. The plaintiff alleges that the defendant Lafferty knew that drugs were hidden behind the gas cap of the plaintiff's car because the informant told him.  (Complaint, ¶ 18)

6. The gas cap was checked and the substance was found.   (Complaint, ¶ 18)

7. The plaintiff was arrested for trafficking cocaine.  (Complaint, ¶ 19)

8. The plaintiff alleges that the defendant Lafferty knew that the charges of trafficking cocaine

were false. (Complaint, ¶ 21)

9. The plaintiff alleges that Lafferty's police report was a fabrication which included many knowingly false statements. (Complaint, ¶ 30)

10. The plaintiff alleges that the defendant Lafferty knew that the informant, either by himself or others, had planted drugs on people or disregarded facts that would have led a reasonable, properly trained police officer to believe that the informant had planted evidence. (Complaint, ¶¶ 46-47)

11. The plaintiff alleges that the informant participated with the defendant Lafferty and other Lowell police officers in planting evidence. (Complaint, ¶ 62)

12. The plaintiff alleges in Count I that defendant Lafferty violated his rights pursuant to 42 U.S.C. § 1983 by arresting the plaintiff without probable cause. Count III alleges malicious prosecution against the defendant Lafferty and Count IV alleges intentional infliction of emotional distress against defendant Lafferty.

13. Pursuant to the Confidentiality Agreements between the parties the identification of the informants will be identified solely as F.A. and F.B.

14. After significant discovery there has been no evidence about the defendant Lafferty's involvement or knowledge of any supposed misconduct (planting of evidence) by either F.A. or F.B.

15. On August 2, 2012, the defendant Thomas Lafferty, a detective with the Lowell Police Department was assigned to the Special Investigations section was conducting surveillance near the *Club Azores* in Lowell due to complaints of drug activity within and around the bar.

16. Exhibit 1 is the August 2, 2012 report of Thomas Lafferty. The report states that Lafferty had been speaking to a past reliable informant regarding an Asian male that had been selling

cocaine from within the Azores Club. This informant will be identified as "F.A." The Asian male is later identified as the plaintiff Nel Sothy. The informant identified the vehicle that the plaintiff was operating. (Exhibit 1 – Lowell Police Department Arrest Report, Thomas Lafferty dated 8/2/12)

17. Lafferty spotted the vehicle which was registered to the plaintiff Sothy. He reported that he watched Sothy leave the Azores Club and walk to the passenger side of the car. The plaintiff was also identified in the Registry of Motor Vehicles database. He saw the plaintiff open the driver's front door, bend over and pop the latch to the gas cap. He observed the plaintiff walk back to the gas cap, proceed to look up and down the street to see if anyone was looking at him. Sothy removed a clear plastic bag from his front left pocket and placed the item in the gas cap cover and shut the cover. (Exhibit 1 – Lowell Police Department Arrest Report, Thomas Lafferty dated 8/2/12)

18. The plaintiff then entered the car at the driver's door. Three females then entered the vehicle. (Exhibit 1 – Lowell Police Department Arrest Report, Thomas Lafferty dated 8/2/12)

19. The vehicle drove to a parking lot of a food store on Gorham Street. The defendant Lafferty and other officers decided to approach the plaintiff based on the reliable information from the informant coupled with Lafferty's own personal observations. (Exhibit 1 – Lowell Police Department Arrest Report, Thomas Lafferty dated 8/2/12)

20. They approached the plaintiff. The plaintiff consented to a search of the vehicle. Lafferty unlocked the gas cap cover from inside the front seat area, opened the gas cap cover and a clear plastic bag containing a white substance that he recognized as cocaine fell to the ground. The substance was tested as positive for cocaine. (Exhibit 1 – Lowell Police Department Arrest Report, Thomas Lafferty dated 8/2/12.

21. The plaintiff denies that he had anything to do with the placing of the drugs in the vehicle in the gas cap. He denies all of the statements that Lafferty wrote in his police report. Lafferty said that he saw the plaintiff place the drugs in the gas cap and the plaintiff denies it.

22. The defendant Lafferty was deposed on June 11, 2014. (Exhibit 2 – Excerpts of the deposition transcript of Thomas Lafferty taken June 11, 2014.) He testified that he heard from the informant F.A. that the plaintiff was selling cocaine out of the Azores Club and that he was a member of a gang. (Exhibit 2 – Excerpts of the deposition transcript of Thomas Lafferty taken June 11, 2014, pages 146-147)

23. Lafferty set up surveillance outside the club (Exhibit 2 – Excerpts of the deposition transcript of Thomas Lafferty taken June 11, 2014, page147)

24. Lafferty testified as to his observing the plaintiff put the plastic bag in the gas cap. (Exhibit 2 – Excerpts of the deposition transcript of Thomas Lafferty taken June 11, 2014, pages 154-155).

25. Exhibit 3 is the deposition of the plaintiff's expert Charles W. Drago which was taken on March 18, 2016. Mr. Drago testified that the district attorney found no wrongdoing by Lafferty and testified that no one said that Lafferty was involved in planting any evidence or allowing an informant to plant evidence. (Exhibit 3, deposition of Drago, p. 213)

26. Both F.A. and F.B. were informants being operated by the defendant Lafferty at the Lowell Police Department. (Exhibit 2, deposition of Lafferty, pp. 13-14)

27. The defendant Lafferty denies the plaintiff's allegations. (Answer and Jury Claim of Thomas Lafferty, ¶¶ 1, 6, 27, 42, 43 among others).

28. Lafferty was not aware of any planting of drugs or other contraband by the F.A. or F.B. prior to the plaintiffs' arrests. He had no knowledge of any such planting of drugs in the plaintiffs'

automobiles.  (Exhibit 4 –Affidavit of Thomas Lafferty.)

29. Neither F.A. or F.B. said anything to Lafferty about planting drugs prior to the plaintiff's arrest or anything about planting drugs in the plaintiff's automobile.

30. He saw Nels Sothy put a plastic bag in his gas cap before the plastic bag with the cocaine was found in the gas cap. (Exhibit 4 –Affidavit of Thomas Lafferty.)

> Defendant,
>
> Thomas Lafferty,
> By his attorney,
>
> /s/  Bradford N. Louison
> Bradford N. Louison (BBO#305755)
> Louison, Costello, Condon & Pfaff, LLP
> 101 Summer Street
> Fourth Floor
> Boston, MA 02110
> blouison@lccplaw.com
> (617) 439-0305

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 19, 2016.

> /s/ Bradford N. Louison
> Bradford N. Louison